Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
CMulhollandesq@gmail.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANGELA MARIA FERNANDEZ and ALEXANDER JOEL HERNANDEZ GUTIERREZ, | Civil Action No.: 22-cv-5928 |
| *Plaintiffs*, | **COMPLAINT** |
| | **ECF Case** |
| -against- | **JURY DEMANDED** |
| BUILDING SERVICES INC., MICHAEL ANGELO GOMEZ A/K/A MICHAEL A. GOMEZ, SR., GUADALUPE CASTILLO RAMIREZ and CESAR ESCOBAR. | |
| *Defendants*. | |

ANGELA MARIA FERNANDEZ and ALEXANDER JOEL HERNANDEZ GUTIERREZ ("Plaintiffs"), by and through their attorney, Colin Mulholland, Esq., as against Building Services Inc., Guadalupe Castillo Ramirez, Cesar Escobar and Michael Angelo Gomez A/K/A Michael A. Gomez, Sr. (collectively, "Defendants"), allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs are former employees of Defendants BUILDING SERVICES INC., GUADALUPE CASTILLO RAMIREZ, CESAR ESCOBAR, and MICHAEL A. GOMEZ A/K/A MICHAEL A. GOMEZ, SR.

2. Defendants own, operate, and/or control a cleaning service called Building Services that operates throughout NYC and Long Island and had a mailing address at 223 Wall Street Huntington, New York 11743.

1

3. Plaintiffs were employed by Defendants as cleaners and general laborers in Kings County.

4. At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours they worked each week.

5. Plaintiffs now brings this action for unpaid minimum wages and overtime wages, inter alia, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* ("NYLL"), including applicable liquidated damages, interest, attorneys' fees, and costs and related claims for pregnancy discrimination

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

7. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiffs were employed by Defendants in this district.

## THE PARTIES

8. Plaintiff ANGELA MARIA FERNANDEZ ("Plaintiff FERNANDEZ") is an adult individual residing in Bronx County, NY.

9. Plaintiff ALEXANDER JOEL HERNANDEZ GUTIERREZ ("Plaintiff HERNANDEZ") is an adult individual residing in Queens County, NY.

10. Defendant BUILDING SERVICES INC. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 223 Wall Street Huntington, New York 11743.

11. Defendant MICHAEL A. GOMEZ A/K/A MICHAEL A. GOMEZ, SR. is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant MICHAEL A. GOMEZ A/K/A MICHAEL A. GOMEZ, SR. is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

12. Defendant MICHAEL A. GOMEZ A/K/A MICHAEL A. GOMEZ, SR. possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation and controls or controlled significant functions of Defendant Corporation.

13. Defendant MICHAEL A. GOMEZ A/K/A MICHAEL A. GOMEZ, SR. was the owner of the Building Services.

14. Defendant MICHAEL A. GOMEZ A/K/A MICHAEL A. GOMEZ, SR. had the power to hire and fire Plaintiffs and did indeed hire a Plaintiffs along with all of the supervisory staff.

15. Defendant MICHAEL A. GOMEZ A/K/A MICHAEL A. GOMEZ, SR. was one of those in charge of all day-to-day operations.

16. Defendant MICHAEL A. GOMEZ A/K/A MICHAEL A. GOMEZ, SR. issued orders and job assignments to Plaintiffs.

17. Defendant MICHAEL A. GOMEZ A/K/A MICHAEL A. GOMEZ, SR. issued pay to Plaintiffs.

18. Defendant MICHAEL A. GOMEZ A/K/A MICHAEL A. GOMEZ, SR. determined the wages and compensation of the Plaintiffs.

19. Defendant MICHAEL A. GOMEZ A/K/A MICHAEL A. GOMEZ, SR. controlled Plaintiffs pay rates and schedules.

20. Defendant GUADALUPE CASTILLO RAMIREZ is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant GUADALUPE CASTILLO RAMIREZ is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

21. Defendant GUADALUPE CASTILLO RAMIREZ possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation and controls or controlled significant functions of Defendant Corporation.

22. Defendant GUADALUPE CASTILLO RAMIREZ was one of the general managers of the cleaning service and she was one of those in charge of all day-to-day operations.

23. Defendant GUADALUPE CASTILLO RAMIREZ had the power to hire and fire Plaintiffs.

24. Defendant GUADALUPE CASTILLO RAMIREZ hired and fired Plaintiffs.

25. Defendant GUADALUPE CASTILLO RAMIREZ issued orders and job assignments to Plaintiffs.

26. Defendant GUADALUPE CASTILLO RAMIREZ issued pay to Plaintiffs.

27. Defendant GUADALUPE CASTILLO RAMIREZ determined the wages and compensation of the Plaintiffs.

28. Defendant GUADALUPE CASTILLO RAMIREZ controlled Plaintiffs pay rates and schedules.

29. Defendant CESAR ESCOBAR is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant CESAR ESCOBAR is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

30. Defendant CESAR ESCOBAR possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation and controls or controlled significant functions of Defendant Corporation.

31. Defendant CESAR ESCOBAR was one of the general managers of the damage restoration and cleaning service and he was one of those in charge of all day-to-day operations.

32. Defendant CESAR ESCOBAR issued orders and job assignments to Plaintiffs.

33. Defendant CESAR ESCOBAR issued pay to Plaintiffs.

34. Defendant CESAR ESCOBAR determined the wages and compensation of the Plaintiffs.

35. Defendant CESAR ESCOBAR controlled Plaintiffs pay rates and schedules.

*Defendants Constitute Joint Employers*

36. Individual defendant GUADALUPE CASTILLO RAMIREZ possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation and controls significant functions of Defendant Corporation.

37. Individual defendant CESAR ESCOBAR possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation and controls significant functions of Defendant Corporation.

38. Individual defendant MICHAEL A. GOMEZ A/K/A MICHAEL A. GOMEZ, SR. possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation and controls significant functions of Defendant Corporation.

39. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

40. Each Defendant possessed substantial control over Plaintiffs' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs.

41. Defendants jointly employed Plaintiffs within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

42. In the alternative, Defendants constitute a single employer of Plaintiffs.

43. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of compensation in exchange for their services.

44. In each year from 2020 to 2022, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

45. Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were used during the Plaintiffs' employ, such as cleaning supplies, detergents, mops, linens, bleach and other supplies were produced outside the State of New York.

46. Defendants had more than 11 employees at all relevant times.

47. Plaintiffs complained about the lack of overtime, the late payments and other pay violations to Defendants who continued to willfully and maliciously ignore the problems.

*Plaintiff ALEXANDER JOEL HERNANDEZ GUTIERREZ*

48. Plaintiff ALEXANDER JOEL HERNANDEZ GUTIERREZ worked for the Defendants from approximately June 2020 until about January 2021.

49. From approximately June 2020 until about January 2021, Plaintiff ALEXANDER JOEL HERNANDEZ GUTIERREZ worked an approximately seven (7) day schedule as a cleaner and general laborer from between 7:00 A.M. until anywhere between 3:00 P.M. and midnight.

50. Throughout Plaintiff ALEXANDER JOEL HERNANDEZ GUTIERREZ's employ, he would often work multiple double or triple shifts per week at as many job sites.

51. From approximately June 2020 until January 2021, Defendants paid Plaintiff HERNANDEZ $15.00 per hour with no premium for his overtime hours.

52. Defendants did not pay for Plaintiff's sick days or vacation days.

53. Defendants often required Plaintiff to travel between job sites within the same day without reimbursing him or counting those hours towards his pay.

54. Defendants never provided Plaintiffs HERNANDEZ with each payment of wages a proper statement of wages, as required by NYLL 195(3).

55. Defendants never provided Plaintiffs HERNANDEZ, any notice in English and in Spanish (Plaintiff's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

56. Plaintiff ALEXANDER JOEL HERNANDEZ GUTIERREZ regularly handled goods in interstate commerce, such as tools, cleaning materials and other supplies produced outside the state of New York.

*Plaintiff ANGELA MARIA FERNANDEZ*

57. Plaintiff ANGELA MARIA FERNANDEZ worked for the Defendants from approximately November 2021 until about January 2022.

58. From approximately November 2021 until about January 2022, Plaintiff ANGELA MARIA FERNANDEZ worked an approximately seven (7) day schedule as a cleaner and general laborer:

   a. Monday: 12:00 P.M. until about 6:00 P.M.

   b. Tuesday: 12:00 P.M. until about 6:00 P.M.

   c. Wednesday: 12:00 P.M. until about 6:00 P.M.

   d. Thursday: 12:00 P.M. until about 8:00 P.M.

   e. Friday: 12:00 P.M. until about 6:00 P.M.

   f. Saturday: 7:00 A.M. until about 3:00 P.M. and 11:00 P.M.

   g. Sunday: 7:00 A.M. until about 3:00 P.M.

59. Plaintiff ANGELA MARIA FERNANDEZ worked in two (2) different locations. She worked as a cleaner at a clinic in 50 E 168 Street, Bronx, NY 10452 on Monday through Friday. During the weekends, Saturday and Sunday she worked in 450 Clarkson Avenue, Brooklyn NY 11203.

60. Throughout her employment, Plaintiff ANGELA MARIA FERNANDEZ would often work a double shift on Saturdays until about 11 P.M. if there were not enough people available to work on that day.

61. From approximately November 2021 until January 2022, Defendants paid Plaintiff FERNANDEZ $15.00 per hour with no premium for her overtime hours.

62. Defendants did not pay for Plaintiff's sick days or vacation days.

8

63. Defendants never provided Plaintiffs FERNANDEZ with each payment of wages a proper statement of wages, as required by NYLL 195(3).

64. Defendants never provided Plaintiff FERNANDEZ, any notice in English and in Spanish (Plaintiff's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

65. Plaintiff ANGELA MARIA FERNANDEZ handled goods in interstate commerce, such as tools, cleaning materials and other supplies produced outside the state of New York.

66. Defendants discharged Plaintiff ANGELA MARIA FERNANDEZ because of a pregnancy and refused to accommodate her condition.

67. Defendant GUADALUPE CASTILLO RAMIREZ told Plaintiff ANGELA MARIA FERNANDEZ that she and the mangers of Building Services were worried that Plaintiff might be injured while working and pregnant. And that as such, they were going to stop sending her job assignments.

68. Plaintiff ANGELA MARIA FERNANDEZ objected and stated she was still capable of working.

69. Despite Plaintiff ANGELA MARIA FERNANDEZ' objections, Defendant GUADALUPE CASTILLO RAMIREZ stated that the Defendants would find something for her. Yet, the Defendants immediately ceased sending over job assignments.

70. Every time Plaintiff ANGELA MARIA FERNANDEZ was supposed to get her payment, she had to go to the supervisor's house in Queens to pick up the check.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

71. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

72. Defendants are employers within the meaning of the Fair Labor Standards Act.

73. Plaintiffs are employees within the meaning of the Fair Labor Standards Act.

74. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

75. Plaintiffs were individually engaged in commerce through handling of interstate goods and interaction with out of state businesses.

76. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

77. Defendants, in violation of the FLSA, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the lawful regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

78. Defendants were aware or should have been aware that their pay practices were unlawful and have not made a good faith effort to comply with the FLSA.

79. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

80. Plaintiffs were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

81. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

82. At all times relevant to this action, Defendants were each Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

83. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment and had the power to determine the rate and method of any compensation in exchange for their employment.

84. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

85. Plaintiffs were individually engaged in commerce.

86. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

87. Defendants failed to pay Plaintiffs at the lawful minimum hourly rate, in violation of 29 U.S.C. § 206(a).

88. Defendants were aware or should have been aware that their pay practices were unlawful and have not made a good faith effort to comply with the FLSA.

89. Defendants' failure to pay Plaintiffs at the lawful minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

90. Plaintiffs were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

**VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW**

91. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

92. Defendants are employers within the meaning of the New York Labor Laws and supporting New York State Department of Labor Regulations and employed the Plaintiffs.

93. Defendants, in violation of the NYLL § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the lawful regular rate of pay for each hour worked in excess of forty hours in a workweek.

94. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

95. Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## NEW YORK STATE LAW MINIMUM WAGE CLAIM

96. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

97. At all times relevant to this action, Defendants were Plaintiffs employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

98. Defendants had the power to hire and fire Plaintiffs, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

99. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

100. Defendants' failure to pay Plaintiffs the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

101. Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING
## REQUIREMENTS OF THE NEW YORK LABOR LAW

102. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

103. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the

regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

104. Defendants are liable to Plaintiffs in the amount of $5,000 each, together with costs and attorneys' fees.

### SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

105. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

106. With each payment of wages, Defendants failed to provide Plaintiffs with a proper and complete wage statement as required by NYLL 195(3).

107. Defendants are liable to each Plaintiffs in the amount of $5,000, together with costs and attorneys' fees.

### SEVENTH CAUSE OF ACTION

### SPREAD OF HOURS UNDER NYLL

108. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

109. Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified within 12 NYCRR 142.

110. Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful and not in good faith within the meaning of New York Lab. Law § 663.

111. Plaintiffs was damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

### UNPAID AND LATE WAGES UNDER NYLL ARTICLE 6 AND ARTICLE 19

112. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

113. Plaintiffs were manual workers under the NYLL.

114. Defendants regularly paid Plaintiffs in bi-weekly, late, incompletely and in irregular increments over the course of their employ in violation of N.Y. Lab. L. § 191(1)(a), inter alia.

115. Defendants frequently issued checks even later than two weeks after pay day and regularly had their checks bounce.

116. Defendants violated the NYLL by failing to timely pay Plaintiff for their work under NYLL Section *19 et seq*.

117. Defendants failure to pay Plaintiffs timely was willful malicious and/or not in good faith.

118. Plaintiffs were damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### PREGNANCY DISCRIMINATION UNDER NEW YORK CITY HUMAN RIGHTS LAW

119. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

120. Plaintiff notified Defendants of her pregnancy during her employ.

121. Plaintiff has or will have served a copy of the complaint on both the Office of Corporate Counsel of the City of New York and the New York City Commission on Human Rights.

122. Plaintiff requested reasonable accommodations and modification of her work tasks to accommodate her pregnancy as it progressed.

123. Defendants refused to provide a reasonable accommodation for Plaintiff's temporary condition despite such accommodation being easy to implement.

124. Defendants discharged Plaintiff directly due to her condition by declining to provide her with work assignments.

125. Such discrimination was willful, malicious, intentional and otherwise in bad faith.

126. Plaintiff suffered emotional anguish as a result of the discrimination.

127. Plaintiff lost income as a result of the discrimination.

128. Plaintiff was thereby damaged in an amount to be determined at trial.

## TENTH CAUSE OF ACTION

**PREGNANCY DISCRIMINATION UNDER NEW YORK EXECUTIVE LAW**

129. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

130. Plaintiff notified Defendants of her pregnancy during her employ.

131. Plaintiff requested reasonable accommodations and modification of her work tasks to accommodate her pregnancy as it progressed.

132. Defendants refused to provide a reasonable accommodation for Plaintiff's temporary condition despite such accommodation being easy to implement.

133. Defendants discharged Plaintiff directly due to her condition by declining to

provide her with work assignment.

134. Such discrimination was willful, malicious, intentional and otherwise in bad faith.

135. Plaintiff suffered emotional anguish as a result of the discrimination.

136. Plaintiff lost income as a result of the discrimination.

137. Plaintiff was thereby damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the minimum wage and overtime wage provisions of and associated rules and regulations under the FLSA as to Plaintiffs;

(b) Declaring that Defendants violated the recordkeeping requirements of and associated rules and regulations under the FLSA with respect to Plaintiffs;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs;

(d) Awarding Plaintiffs damages for the amount of unpaid minimum wages, overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiffs liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages and damages, improper deductions or credits under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the minimum wage and overtime wage provisions of and rules and orders promulgated under the NYLL as to Plaintiffs;

(g) Declaring that Defendants violated the recordkeeping requirements of the NYLL

with respect to Plaintiffs' compensation, hours, wages; and any deductions or credits taken against wages;

(h) Declaring that Defendants' violations of the New York Labor Law were willful and not in good faith as to Plaintiffs;

(i) Awarding Plaintiffs damages for the amount of unpaid minimum wages, unpaid overtime wages and spread of hours pay along with liquidated damages, as applicable;

(j) Enjoining Defendants from further violations of the NYLL;

(k) Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l) Awarding Plaintiff compensatory, economic and non-economic, punitive, special and general, and any other category of damages under state and federal law for the Defendants and discriminatory conduct towards Plaintiff Fernandez;

(m) Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(n) Awarding Plaintiffs pre-judgment and post-judgment interest as applicable;

(o) Awarding Plaintiffs the expenses incurred in this action, including costs and attorneys' fees;

(p) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q) All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: Astoria, New York
October 4th, 2022

By: */s/ Colin Mulholland*
Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiffs*